COMMONWEALTH *vs.* ANNIE GODIS.

Middlesex.    February 4, 1929. — February 6, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Criminal,* Mistrial, New trial.

At the trial in the Superior Court of a complaint charging a woman with unlawfully manufacturing intoxicating liquor, during cross-examination of the defendant's husband, an assistant district attorney, holding two court records in his hand, after having asked without objection whether the husband had seen the defendant make, or been told by her that she had made, any liquor and having received negative answers, asked the further question: " . . . knowing that she once pleaded guilty two years ago to the manufacture of liquor, does that refresh your memory at all?" The defendant moved that a mistrial be declared. At the suggestion of the judge, the question was withdrawn, the judge saying, "There is no answer to the question, and there is no evidence of the fact that was embraced in it. The jury will disregard the whole thing." The motion was denied. After a verdict of guilty, a motion for a new trial was denied. *Held,* that

(1) No error of law nor abuse of discretion appeared in the denial of the motion that a mistrial be declared;

(2) The disposal of the motion for a new trial was within the discretion of the judge: no abuse of discretion appeared.

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on November 20, 1928, and described in the opinion.

On appeal to the Superior Court, the complaint was tried before *Donahue*, J. Material evidence and an exception by the defendant to the denial of a motion that a mistrial be declared are described in the opinion. The record did not disclose an exception to the denial of a motion for a new trial; there was on file only an appeal therefrom.

*J. F. Daly*, for the defendant.

*R. T. Bushnell*, District Attorney, *W. L. Bishop*, & *F. A. Crafts*, Assistant District Attorneys, for the Commonwealth.

RUGG, C.J. This complaint charged the defendant with manufacturing intoxicating liquors. St. 1923, c. 370. G. L. c. 138, § 86. She did not testify in her own behalf. Her husband was called as a witness. During cross-examination of him, an assistant district attorney, holding two court records in his hand, after having asked without objection whether the husband had seen the defendant make, or been told by her that she had made, any liquor and having received negative answers, asked the further question: " . . . knowing that she once pleaded guilty two years ago to the manufacture of liquor, does that refresh your memory at all?" The defendant thereupon asked that a mistrial be declared. The question on suggestion by the judge was withdrawn. The defendant renewed her request that a mistrial be declared. This was denied, the judge saying, "There is no answer to the question, and there is no evidence of the fact that was embraced in it. The jury will disregard the whole thing."

In all this there was no error of law. The action of the judge was prompt, decisive and adequate in pointing out to the jury that there was no evidence before them touching the matter and that they should pay no heed to any part of the incident. It must be presumed that the jury followed this instruction. Whatever may be thought of the question put, the rights of the defendant to a fair trial were fully protected by the presiding judge. It is not necessary to elaborate the point further. In principle the case is governed by numerous decisions. *Commonwealth* v. *Richmond*, 207 Mass. 240, 248, 249, 250. *Commonwealth* v. *Russ*, 232 Mass. 58, 81. *Commonwealth* v. *Festo*, 251 Mass. 275, 281, 282. *Common-*

*wealth* v. *McIntosh*, 259 Mass. 388, 390.   *Commonwealth* v. *Jacobson*, 260 Mass. 311, 328, 329.   *Commonwealth* v. *Cooper*, 264 Mass. 368, 374.   There is nothing at variance with this conclusion in *State* v. *Rhys*, 40 Mont. 131, upon which the defendant relied in oral argument.   There was no want of judicial discretion in refusing to declare a mistrial.   *Claffey* v. *Fenelon*, 263 Mass. 427.

The appeal of the defendant from the denial of a motion for a new trial based upon the same incident presents no question of law.   The disposition of that motion rested in sound judicial discretion.   *Commonwealth* v. *Borasky*, 214 Mass. 313, 322.

*Appeal dismissed.*
*Exceptions overruled.*