## J. E. YOUNG V. STATE

No. 32,596. December 14, 1960

Motion for Rehearing Overruled January 25, 1961

*Alvin R. Dawson,* and *King C. Haynie* (on Appeal Only), Houston, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Gus J. Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is under Art. 567b, V.A.P.C.; the punishment, two years and a $1000 fine.

The testimony shows that the appellant cashed the check described and as alleged in the indictment on September 3, 1959, and that payment was refused by the drawee bank for want of sufficient funds.

The evidence also shows that appellant cashed four other $50 checks on and about September 3, and drawn on the same bank which were returned unpaid, and that before and on each of said dates his account was insufficient to pay them.

Appellant did not testify but proved by the cashier of said bank, a state's witness, and the Executive Vice-President of the bank that prior to the date alleged various checks drawn by the appellant had been honored without sufficient funds in his account. It was further shown that such payments were not a general arrangement, and this was done only on specific checks after the appellant had called and requested that his cashier's checks held by the vice-president be used to pay them. The proof also shows that no arrangements were made concerning the payment of the check set out in the indictment which was presented by the grand jury November 30, 1959, or the other four checks introduced in evidence.

The evidence warrants the conclusion that at the time of the giving of the check the appellant knew that he did not have sufficient funds in the bank to pay it and that payment would be refused when it was presented.

It is contended that the following allegations of the indictment that the obtaining of the "property of Kroger Company, a corporation doing business as Henke and Pillot, and the same was so obtained from Mary Brewer, acting as agent for said Kroger Company," rendered it fatally defective because it failed to allege the status of Henke and Pillot, whether an individual, partnership, or corporation; and it is further urged that there is a fatal variance between the indictment and the proof because the proof shows that Henke and Pillot is a corporation.

The testimony shows that the money belonged to Kroger Company, a corporation, and that Mary Brewer acting as agent of said Kroger Company took the company's money and cashed the appellant's check. The indictment alleges and the evidence shows that the Kroger Company was the owner and the injured party. Therefore an allegation of the status of Henke and Pillot was not essential to the validity of the indictment and proof of its status did not constitute a variance.

502

Appellant contends that the trial court erred in failing to charge that if the appellant believed that said check would be paid out of funds in the hands of the vice-president of the bank or that he would be allowed to overdraw on his account as he had previously done, to find him not guilty.

The evidence fails to raise the above issues, hence there was no error in refusing to submit them in the charge.

The judgment is affirmed.

Opinion approved by the Court.