**Mrs. Francis KUTALEK, Appellant,**

v.

**C. V. CARSON, dba Carson's Restaurant, Appellee.**

**No. 11000.**

Court of Civil Appeals of Texas.

Austin.

Nov. 14, 1962.

John D. Reed, Austin, for appellant.

Clark, Thomas, Harris, Denius & Winters, John Coates and Mary Joe Carroll, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a summary judgment in favor of appellee, growing out of a suit for damages filed by appellant.

The appeal is based on two points assigned as error by the Trial Court in holding: that there was no material fact issues to be determined by a jury; and in granting a summary judgment based on the pleadings and evidence.

The appellant instituted this suit against appellee, owner of Carson's Restaurant, alleging that she fell on the entranceway as she was leaving the restaurant on September 16, 1960, at about 2:45 P.M., and alleged that appellee was negligent in the construction and maintenance of the entranceway: (1) in such a manner and with steps of varying degrees of height, (2) in the maintenance of the entranceway without warnings, (3) without proper hand or guard rails for persons using same, (4) in failing to give notice to the public of the dangerous character of the entranceway, and (5) in failing to exercise a reasonable degree of care at the time and place under the circumstances. Appellant alleged that she was severely injured, and set such out in some detail.

The defendant, appellee herein, answered by way of special exceptions, and denied that he was guilty of any act of negligence in maintaining the premises and particularly the front walk and steps.

Appellee filed his motion for summary judgment alleging that the pleadings, affidavits and depositions of Mrs. Kutalek, plaintiff, appellant herein, and of her daughter Mrs. James, and the depositions of C. V. Carson, appellee, and that of W. F. Carter, show that except as to the amount of damages, there is no genuine issue as to any material fact as between the defendant and the plaintiff.

The affidavit of William F. Carter was attached to the deposition in which Mr. Carter stated that he saw Mrs. Kutalek start to walk down the steps in front of Carson's and saw her fall, and did not see anything causing or that could have caused her to fall, that the walk was clean, and there was no grease or other foreign matter that could have caused her to fall and that there were no cracks or defects in the sidewalk.

The plaintiff filed her opposition to the motion for summary judgment, and alleged that there were material disputed issues of fact, which were not sworn to; but there was attached the affidavit of Oscar Payne in which he stated that his wife fell on the steps, at a point opposite the North door of the restaurant in 1958, a different entrance from that used by Mrs. Kutalek.

A hearing on the motion was had and the pleadings, affidavits and portions of the depositions were presented to the court and the judgment was granted.

In the deposition of Mrs. Kutalek in response to questions answered are as follows:

"Q Mrs. Kutalek, did you notice anything about the construction of the sidewalk itself or the steps that you fell on that were the cause of your having fallen; in other words, were they slanted or slick —in other words, were they a slick substance, or anything of that sort, or do you know anything about them, any particular thing about them that caused you to fall?

"A Well, I don't know,—know anything, and I just can't tell you on it.

"Q Would you repeat that again. I didn't understand your answer? I didn't understand your answer about the construction of the steps.

"A Well, I don't know.

"Q Either they are, uh, the level of the steps or the height of the steps, or roughness, bumpiness,—

"A Um-huh

"Q —or anything of that sort—is there anything at all about the construction of those steps that you can attribute to having caused your fall?

"A I just can't understand.

"Q Well, in the way those steps were built—made there—

"A Yeah.

"Q —After falling, and I'm sure after you fell you looked at the area

that you had fallen on, isn't that correct? To make sure that you hadn't stepped on any—

"A Yeah.

"Q —grapes or anything of that sort? Well now, after falling and looking at this place where you fell, do you—can you think of anything about those steps that, that caused you to fall, other than just the fact that they were steps? Was there anything about them, any peculiarity about the way they were constructed that caused you to fall?

"A I just, just, just can't tell you now because it was already too long now, and I forgot.

"Q You've forgotten if there wan anything about them—

"A Yeah.

"Q —that did cause you to fall at the time, you've forgotten it since then?

"A Yeah,—Oh, I forgot it, I think. If I tell you, I have to tell you lies.

"Q Well, don't do that. Had you ever been in this restaurant before?

*    *    *    *    *    *

"Q —Just as best you can remember, just go ahead and tell me as well as you can what caused you to fall?

"A Well, people always, you know— people have the accidents in all kind of ways, you know. I mean, you are going to have the accident, that's all.

"Q In other words, just,—people just fall—

"A Yeah, sure.

"Q —every once in awhile, is that what you are telling me?

"A Yeah.

"Q As well as you can determine, it was just on the things that happen everyday?

"A It's one of them things, I haven't fall in so long. When I went over there to the restaurant, then I fall down.

*    *    *    *    *    *

"Q Do you know now what caused you to fall?

"A Well, I don't know, just, just, I I just fell, that's all.

*    *    *    *    *    *

"Q Mrs. Kutalek, did you notice anything on the sidewalk right prior to the time you fell that would make you fall?

"A Well, I never, I never—can't tell you these lot of things.

"Q At least you didn't see anything there?

"A Yeah, Yeah, I didn't see anything.

"Q Now, Mrs. Kutalek, you mentioned awhile ago that you were tired?

"A O, yeah, I was tired.

"Q Now I want to clarify when you were tired. You mean you were tired at the time you fell?

"A Yeah.

"Q Well, what made you tired at the time you fell?

"A Well, I was tired because, because —I was just weared out."

We believe that the trial court properly granted the summary judgment based on the motion, affidavits and the depositions and that there was no genuine issue as to any material fact, and that the moving party was entitled to judgment as a matter of law under Rule 166A, Texas Rules of Civil Procedure.

In Allen v. Western Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590, the court held:

"In an action on a motion for summary judgment, where the motion is supported by affidavits, depositions and other extrinsic evidence sufficient on their face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate protection. * * *

"The rule is stated in 4 McDonald, Texas Civil Practice, § 17.26, at page 1389:

" 'Hence the sound rule is that a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, in the absence of counter-affidavits or evidence to sustain them.' "

In Mugrage v. Texas Employers Ins. Ass'n, Tex.Civ.App., 304 S.W.2d 189, writ dismissed, the court stated:

" * * * An affidavit in answer to motion for summary judgment must set forth facts based on personal knowledge which refute the matters set up in the motion—if such affidavit is to prevent the granting of the motion and make for a factual issue which must be determined on the merits of the case." Banks v. C. R. Anthony Co., Tex.Civ. App., 293 S.W.2d 858, err. ref. N.R.E.; Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492.

In view of the record it is apparent that appellant has not met the burden in showing in opposition to the motion for summary judgment, evidentiary data which would raise an issue as to a material fact. Allen v. Western Alliance Ins. Co., supra.; Mugrage v. Texas Employers Ins. Ass'n, supra.

The judgment of the trial court is affirmed.