**Manuel RODRIGUEZ and Blas Villarreal, Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 35897.

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

Rehearing Denied Jan. 8, 1964.

Vern J. Thrower, Donald R. Royall, C. Anthony Friloux, Jr., Houston, Les Procter, Austin (On Appeal Only) for appellant Manuel Villarreal.

Frank Briscoe, Dist. Atty., Gus J. Zgourides, Carl E. F. Dally and Howell Stone, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the appellant Villarreal received the punishment of death while the appellant Rodriguez' punishment was assessed at confinement for 99 years. Rodriguez has filed in this Court his proper application to dismiss his appeal and the same is granted. Villarreal's appeal alone will be considered.

■ Deceased, an informer for the Narcotics Division of the Houston Police Department, was fatally shot through the window of his home while he lay in bed. The State's case against Villarreal is made to depend upon a confession secured from him at the Ranger Headquarters in the northwest section of the city of Houston after a period of some seven hours of interrogation, not having been arrested by virtue of a warrant or carried before a magistrate. A strong case of involuntariness due to police brutality was made out by the testimony of the accused, by means of pictures and testimony of doctors and lay witnesses. However, we are met with the test applied by this Court and the Supreme Court of the United States that if from an examination of all the testimony there remains no undis-

puted evidence which would render the confession inadmissible, then the appellate court will be bound by the finding of the jury that the same was voluntarily made. Appellant names the officers who he said inflicted the brutality upon him, one of these being Officer Hightower, and each of them categorically denies the truth of his testimony and gives explanations as to the bruises found upon his body inconsistent with their having inflicted the same.

We come now to appellant's principal contention. He was arrested shortly before 7:00 a. m. on October 4, and carried to the Ranger Headquarters where he testifies the acts of brutality were inflicted upon him. The testimony of one Hermasillo was offered to the effect that on October 3, he had been arrested by State Narcotics Agent Scholl and Officers Chavez and Pollock, was then carried to a strange place where brutality was inflicted upon him by Narcotics Agent Scholl in connection with questions propounded to him about the death for which Villarreal here stands convicted, and that he finally confessed that he had committed the murder, but he was released in the afternoon of October 4, without any charges growing out of this murder being filed upon him. He testified that one of the officers he recognized by his voice as being present during this interrogation was Officer Hightower. This testimony was offered in support of Villarreal's testimony that practically the same treatment had been accorded him prior to his alleged coerced confession to the murder. Briefly, Villarreal testified that he was arrested without a warrant at 7:00 a. m. on October 4, by Narcotics Agent Scholl and, without being taken before a magistrate, carried to the State Narcotics Office in the northwest part of the city of Houston where police brutality was inflicted upon him by a number of officers, two of them being Narcotics Agent Scholl and Officer Hightower, Officer Chavez also being present, for a period of approximately seven hours until he signed a confession to the murder. Captain Waycott testified that Villarreal's confes-

sion was completed at 3:22 p. m., October 4. The witness Zimmerman testified that he took a replica of defense exhibits Number Four and Number Nine of October 5, which was the day following the taking of the confession, while Villarreal was still in custody. These pictures depict extensive bruises in the abdominal area and to the eye. There was other evidence of brutality inflicted upon Villarreal prior to the occasion in question and pictures showing extensive bruises allegedly inflicted by the police to the back of his twin brother were also introduced as evidence.

 In order to render such testimony admissible under the rule announced in Bownds v. State, Tex.Cr.App., 362 S.W.2d 358, the circumstances of the interrogation must be so strikingly similar as to lead the jury to believe that the officers followed this practice in securing confessions. Both Hermasillo and Villarreal were interrogated in the same wing of the same building. This testimony standing alone might not have met this test, but the State called Narcotics Agent Scholl, who testified that he brought Hermasillo to his Narcotics Office in the Ranger Station located in the northwest part of Houston in company with Officers Chavez and Pollock on October 3, that he remained there until 2:00 p. m. on October 4, that during that period of time several officers (including Officers Hightower and Chavez) began arriving and Villarreal, who had been brought to the Ranger Station at 7:00 a. m. on October 4, was there being questioned concerning the same offense.

As in People v. Cohen, 243 App.Div. 245, 276 N.Y.S. 851, there was evidence that accused bore no marks or bruises upon his person prior to his arrest, as there was in the case at bar, plus evidence that after his interrogation by the police, his body was bruised and battered. The Court there held that the trial court erred in excluding the testimony of one of his companions, who was arrested with him and interrogated at the same time and place about the same transaction.

Reliance is had by the State upon Mohler v. State, 98 Tex.Cr.R. 238, 265 S.W. 553. It is apparent that this case can have no application here because there was no claim that any brutality was inflicted upon accused, and therefore, no basis for showing the mistreatment of his son. There the treatment of the son was purely a collateral matter, whereas here the brutality inflicted upon Hermasillo which resulted in what apparently was a false confession is of utmost importance to the jury in determining first, if the appellant's confession was coerced, and secondly, if it was true.

For the error of the Court in excluding the testimony of Hermasillo and under the authority of Bownds v. State, supra, the judgment against Villarreal is reversed and the cause remanded.