**Wade G. HAMPTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39478.**

Court of Criminal Appeals of Texas.

April 13, 1966.

Rehearing Denied May 25, 1966.

Michael W. Wagner, San Antonio (By Court Appointment), for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for giving a worthless check of over the value of fifty dollars with a prior conviction alleged for enhancement; the punishment, ten years.

Era Wright testified that on March 30, 1965, she was the sole owner of the Wright Liquor Store or Wright's Liquor Store in San Antonio; that Dennis St. Clair had been employed by her for about four months and was authorized to accept checks for her; that while on duty March 30, he accepted a check for $63.86 signed by Wade G. Hampton; that she had seen Wade G. Hampton, the appellant, three times and he had never before March 30, cashed a check at her store; that she signed a letter which was directed, registered, and mailed to the appellant asking him to pay said check and the notice was returned marked "Received"; and that she never agreed to hold said check and never authorized anyone to make such agreement.

Dennis St. Clair testified that on March 30, 1965, he was employed by Era Wright, the owner of Wright's Liquor Store, and about 7:30 p. m. that day the appellant came in the store and said he had placed an order

by telephone for some liquor, and although St. Clair knew nothing about such an order, when he found some liquor in a package under the counter the appellant said, "Do you have a draft?"; that appellant said he had been talking with Era Wright over at a lounge; that he was a contractor, and he had money in the bank and that the check would be good; that the appellant wrote out the draft except the name of the payee and appellant's address and signed it in his presence, and for which he gave him six bottles of liquor and $31 in money which belonged to Era Wright. While testifying, St. Clair identified the check that appellant gave him Johnson for St. Clair to hold the check and in the amount of $63.86 which was drawn on the National Bank of Commerce in San Antonio, and when it was introduced in evidence the appellant stated that he had no objection. The check was duly deposited and returned with the notation "Unable to Locate Account," and the appellant has never paid the check. St. Clair testified that the appellant never told him that he had made arrangements with Mrs. Johnson for St. Clair to hold the check and he would later pay it; that appellant never told him Era Wright had taken checks from him before and held them; and that the appellant never asked him to hold the check, and never gave him any reason to believe that the check was not good. On cross-examination St. Clair testified that the appellant told him that he and Era Wright were old friends, and he never said anything about holding the check for payment; that Mrs. Johnson, the employee that St. Clair relieved, told him that appellant was coming to pick up some liquor.

The testimony of a bookkeeper in custody of the records of all persons having checking accounts at the National Bank of Commerce, San Antonio, Texas, reveals that the appellant did not have an account in said bank on March 30, 1965, and had not had for several years.

Proof was offered of the prior conviction alleged for enhancement and the appellant

was identified as the person so convicted. While testifying the appellant admitted his previous conviction for the felony offense of giving a check without sufficient funds as alleged for enhancement.

In rebuttal the state offered evidence that the appellant had cashed other checks which were returned unpaid because his account was insufficient to pay them.

Testifying in his own behalf, the appellant stated that on March 30, 1965, he asked Mrs. Johnson at Wright's Liquor Store by telephone if he could get six bottles of liquor and some money, and give a check which they would hold for two weeks and she asked him to call back in 30 or 40 minutes which he did and she said it would be all right; that about two hours later he went to the liquor store and saw Dennis St. Clair who had relieved Mrs. Johnson, and told him his name and asked St. Clair if he had a package for him, and in a short time St. Clair found a package containing six bottles of liquor with appellant's name on it; that he got the liquor and $31 in money and gave St. Clair a check to hold, and while testifying identified the check which the state had introduced; that there was no discussion about the check as St. Clair said he was expecting him; and he told St. Clair to let Mrs. Wright know to hold the check, and that she had previously held a check for him; that he did not have an account at the National Bank of Commerce on March 30, 1965, and had not had for several years; that he made it clear to Mrs. Johnson to make sure it was all right with Mrs. Wright, and also told St. Clair to hold the check.

■ Appellant contends that the indictment is fatally defective on the ground that the check is made payable to Wright's Liquor Store while the indictment alleges said store as Wright Liquor Store.

The indictment alleged that appellant did with intent to defraud Mrs. Era Wright, sole owner of Wright Liquor Store, give to Dennis L. St. Clair, the agent of Mrs. Era

Wright his draft for $63.86. The draft set out in the indictment and introduced in evidence was payable to Wright's Liquor Store.

The indictment alleges and the evidence shows that Mrs. Era Wright was the sole owner of the store and the injured party. The conviction is for the giving of a worthless check under Art. 567b Vernon's Ann. P.C. The variance between Wright and Wright's as presented does not affect the validity of the indictment. Young v. State, 170 Tex.Cr.R. 500, 341 S.W.2d 933.

◼ It is contended that the trial court erred in permitting the state to read to the jury the allegations of a prior conviction alleged in the indictment and to introduce evidence of said prior conviction.

No offer was made to stipulate as to the prior conviction alleged for enhancement. The reading of the indictment and the proof to support the allegation of the prior conviction was not error. Taylor v. State, Tex.Cr.App., 398 S.W.2d 559, and cases cited.

◼ It is not required, as the appellant contends, for the state to furnish him with a copy of the records of his prior conviction before the trial, because the indictment gave him sufficient notice that such proof may be made. McCown v. State, 170 Tex. Cr.R. 142, 338 S.W.2d 732, cert. den. 368 U.S. 856, 82 S.Ct. 96, 7 L.Ed.2d 54.

◼ It is insisted that the trial court erred in admitting evidence of other checks because they showed extraneous offenses.

While testifying, the appellant admitted giving the $63.86 check on March 30, 1965, but said that they had agreed to "hold" it for him, that his intentions were not to "beat the people," and he still owed the money.

In rebuttal the state offered the other checks and they were admitted in evidence to show intent, system and design. To their admission the appellant objected on

the ground that no charges had been filed on the checks, there had been no convictions based on them, that such evidence violates the Sixth Amendment, to the U. S. Constitution, and such evidence is highly prejudicial.

In the charge to the jury, the court limited the evidence of other check transactions than the offenses alleged in the indictment, for the purpose of showing if it did, the intent of the appellant at the time of the commission of the alleged primary offense.

◼ Where a prosecution is based on the giving of an alleged worthless check, evidence of the giving of other worthless checks about the same time was admissible on the issue of intent. 23 Tex.Jur. (2) 306, Sec. 198; Moore v. State, 87 Tex.Cr.R. 77, 219 S.W. 1097; Harris v. State, 169 Tex. Cr.R. 143, 333 S.W.2d 142; O'Brien v. State, Tex.Cr.App., 376 S.W.2d 833.

In rebuttal of appellant's testimony that the check to the liquor store was a "hold" check, that it was his intention to later pay it but he never did, the evidence of the other checks was admissible on the issue of his intent.

◼ Error is urged because the trial court refused to allow the appellant to call Thomas W. Hampton as a witness, and who would have testified that the appellant at one time had a bank account at the National Bank of Commerce.

The record reflects that the rule as to witnesses had been invoked by the appellant and Thomas W. Hampton had been present during the entire trial and had heard all the testimony of every witness. There is no showing as to when said account existed according to Thomas W. Hampton. The appellant and the bookkeeper of the National Bank of Commerce both testified that the appellant had no account in said bank on March 30, 1965, and had not had for several years. The trial

court did not abuse its discretion in refusing to allow said witness to testify.

 The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.