Commonwealth *vs.* Nicholas Ventola (and two companion cases). November 7, 1966. The assigned errors in these appeals under G. L. c. 278, §§ 33A–33G, do not require the reversal of the defendant's convictions on three indictments charging him with receiving stolen goods. (1) The admission in evidence of a guaranty slip, bearing the serial number of one of the stolen instruments and found in a cellar beneath the defendant's apartment during an allegedly illegal search, was harmless

since it tended to show only what was conclusively established by other evidence, including the admission of the defendant: that the stolen goods had been stored in the cellar. See *Fahy* v. *Connecticut*, 375 U. S. 85, 86–87. (2) The judge acted promptly, emphatically and decisively when the prosecutor remarked during an exchange with defence counsel, "That man is lying." The judge again referred to the impropriety in his charge. There was no abuse of discretion in denying a motion for a mistrial. *Commonwealth* v. *Godis*, 266 Mass. 195. (3) The defendant, having testified on direct examination that he was employed by his brother as a salesman in 1963, admitted on cross-examination, subject to exception, that he made no report of this income. The latter evidence was admissible, not as tending to show the defendant's guilt of the crime charged, but rather as pointing to the improbability of the fact testified to on direct examination. It was so limited by the judge in his instructions. *Commonwealth* v. *Turner*, 224 Mass. 229, 237.

*Judgments affirmed.*

*Joseph J. Balliro* for the defendant.

*Murray P. Reiser*, Assistant District Attorney (*Robert Snider*, Legal Assistant to the District Attorney, with him), for the Commonwealth.