**Hector GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43801.**

Court of Criminal Appeals of Texas.

July 14, 1971.

Charles M. Beacham, San Antonio (Court appointed), for appellant.

Ted Butler, Dist. Atty., Charles Conaway, Gordon V. Armstrong and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice; the jury assessed the punishment at life.

The indictment alleged that on January 17, 1969, the appellant did kill and murder Solomon Abdo, Jr., by then and there stabbing him with a knife. The State's evidence showed that Abdo was killed in the course of a robbery of Abdo's Grocery Store on Zarzamora Street in San Antonio, in which the appellant participated along with Jesse Gonzalez, Jesse Montez, and Rubens Colunga. Gonzalez had given the knife to the appellant. Colunga and a female companion circled the deceased's grocery store while the other three went inside. When he dropped the others off, Colunga said, "If you have to use the knife, use it." Feliciana Martinez, the girl in the car, testified that appellant had a knife in his possession when he entered the store, that he engaged in a scuffle with the deceased, and that he attempted to extract the knife from the body of the deceased. Jesse Montez brought the money to the car in a little bag, but it contained only a few dollars.

Carmen Aranda witnessed the attack from outside the store, but could not identify any of the robbers. She went in the store after the robbery and found the deceased lying on the floor with a knife sticking completely into his shoulder, so that only the handle was visible.

The appellant testified that he entered the store with Montez and Gonzalez in order for Gonzalez to purchase some beer. The deceased did not want to sell them beer, and he and Gonzalez got into an argument. The appellant testified that he heard the deceased holler and then he became afraid and ran out of the store.

The appellant's first ground of error alleges that, "The order of 19 August 1969 which certified the appellant for criminal proceedings under the provisions of Section 6, Art. 2338–1, Revised Civil Statutes of Texas * * * was void as a matter of law." He contends that since the Article contains definitions of the terms "child" and "delinquent child," those two terms are exclusive of one another,

and that since the statute authorizes the waiver of jurisdiction and certification for a criminal proceeding only for a "child," the juvenile court may not so waive jurisdiction and certify a "delinquent child." The appellant in this case was 16 years old at the time of the offense and had been adjudged a "delinquent child" prior to this time. He had been placed in the custody of the Texas Youth Council until such time as he should become 21 years old. Section 3 of the Article defines a "child" as any male person over the age of 10 years and under the age of 17 years and defines "delinquent child" as "any child who" violates a penal law of the grade of felony or who falls into any of the other six categories listed. It is clear, not only in Sec. 6, but throughout the Article, that the term "child" is used in the statute to include delinquent children. See: Sec. 13, Sec. 13–A, Art. 2338–1, Vernon's Ann.T.S. The term "child" is inclusive, not exclusive. It includes *any* child falling within its definition, even if the child is delinquent. The order certifying transfer and the indictment are both valid.

The appellant's first ground of error is overruled.

 The appellant's second ground of error complains it was error not to quash the indictment because the testimony at the examining trial was not preserved by a "statement of facts." Further, he contends the order of the trial judge contains no specific findings of probable cause, all in violation of Arts. 16.09, 16.17, V.A.C.C.P., and that an examining trial was mandatory under the provisions of Art. 2338–1, Sec. 6(j), which provides as follows:

"If the juvenile court waives jurisdiction it shall certify its action, including the written order and findings of the court and accompanied by a complaint against the child, and transfer the child to the appropriate district court or criminal district court for criminal proceedings. Upon transfer of the child for criminal proceedings he shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. The transfer of custody is an arrest. However, the examining trial shall be conducted by the district court or criminal district court which may remand the child to the jurisdiction of the juvenile court."

The record does reflect that an examining trial was held in the district court as the following order was entered:

"* * * upon hearing the evidence and the argument of counsel the Court is of the opinion that the defendant should be bound over to the Grand Jury of Bexar County, Texas, for action by said Grand Jury in accordance with the provisions of Subsections J and K of Section 6 of Article 2338–1, V.R.C.S., and further that the defendant be remanded to jail in the custody of the Bexar County Sheriff until such time as he shall make bail in the amount of $15,000.00 and to await the action of the Grand Jury * * *"

This is an implied finding of probable cause even though these words are not used.

Appellant's second ground of error is overruled.

The appellant's third ground of error contends that the trial court erred in overruling appellant's motion to suppress the confession in the case. The confession was taken on March 16, 1969, at the San Antonio Police Department, by detective Frank Castillon. A full and complete hearing was conducted on the voluntariness of the confession. At the hearing, it was established that before Castillon talked to the appellant, he read to him the following warnings:

" 'You have the right to remain silent.

" 'You do not have to make any statement, oral or written, to anyone.

" 'Any statement you make will be used in evidence against you in a court of law at your trial.

" 'You have the right to have a lawyer present to advise you before and during any questioning by peace officers or attorneys representing the State.

" 'You may have your own lawyer present, or if you are too poor to hire a lawyer, then the Court will appoint a lawyer for you free of charge, now, or at any other time.

" 'If you decide to talk with anyone, you can, or you can stop talking to them at anytime you want.

" 'The above rights are continuing rights which can be urged by you at any stage of the proceedings.' "

Castillon testified that the appellant understood the warnings and voluntarily waived his rights. When the officer took the written statement from the appellant, he again warned him of his rights. After the appellant signed the statement, he was turned over to juvenile officers. The appellant did not tell Officer Castillon that he was in the custody of the Texas Youth Council.

Dr. Wayne S. Gill, a psychologist, testified that the appellant understood English and Spanish and had below average intelligence, but could understand the nature of the charges against him. Gill also testified that he did not recommend psychiatric treatment for the appellant. He further testified as follows:

"Q That is, he would understand that he had the right to have a lawyer, to remain silent, that he was giving up a right that he had—a person with his intellectual capacity, is that correct?

"A Yes, sir."

The appellant took the stand to challenge the confession and denied that he was given any of the statutory warnings and testified that he wrote down what Castillon told him to say in order to help out his friend, Jesse Gonzalez.

The court overruled the appellant's motion and dictated its findings of fact and conclusions of law into the record. The court found that, although not taken before a magistrate and warned in accordance with Art. 15.17, V.A.C.C.P., the appellant was fully warned of his rights by Castillon and that the appellant "knowingly, intelligently, and voluntarily waived such rights prior to and during the statement." The court also found that the confession was made freely and voluntarily. The considerations enumerated in West v. United States, 399 F.2d 467 (5th Cir. 1968), were explored during the hearing on the motion. See: Art. 15.17, Art. 38.22, V.A.C.C.P.

The court also charged the jury on the law of confessions and instructed them to disregard it if they had a reasonable doubt as to whether it was voluntary or whether the warnings were given. "The disputed issues as to whether appellant was duly warned and the voluntary nature of the confession were submitted to the jury and, under the record, we would not be authorized to disturb their verdict.", Benitez v. State, Tex.Cr.App., 377 S.W.2d 651. See: Rodriguez v. State, Tex.Cr.App., 373 S.W. 2d 490 (reversed on other grounds).

■ The appellant contends that we should adopt a rule that a delinquent child may not waive his right to counsel before an extra-judicial statement is made. This contention is without merit.

The appellant's third ground of error is overruled.

■ The appellant's fourth ground of error alleges that the "totality of circumstances" in law and in fact, have deprived the appellant of a fair trial and due process of law. This ground does not meet the requirements of Art. 40.09 of the Code of

Criminal Procedure and is not supported by the record.

The appellant's fourth ground of error is overruled.

There being no reversible error, the judgment is affirmed.