Wallace Ray MOULTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 44186.

Court of Criminal Appeals of Texas.

Sept. 25, 1971.

Rehearing Denied Nov. 22, 1972.

------

V. G. Kolius, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This conviction is for theft of property of the value of over $50.00; the punishment, six years imprisonment.

Appellant's first three grounds of error complain of the trial court's refusal to grant an instructed verdict because the evidence was insufficient "to prove that the money obtained by the appellant from the bank teller was obtained by any false pretext" and because of the failure "to prove the offense of theft because there was no evidence that the check cashed by the ap-

pellant was not honored by the bank upon which it was drawn."

The indictment charged ordinary theft.

Terry Theis, a businessman and a resident of San Antonio, testified that on January 29, 1969, he lost a checkbook containing about 350 serially numbered checks. They were Mercantile Bank and Trust of San Antonio checks, imprinted for the Terry Theis Company. Theis identified State's Exhibits 2, 3, 4, 5 and 6 as checks which he had lost. He testified he did not sign any of these checks and did not authorize the appellant nor anyone else to do so.

Charlotte O'Rear, a teller at American National Bank in Amarillo, identified the appellant and testified that on April 8, 1969, he presented to her two checks, payable to C. M. Randle, and a deposit slip for a C. M. Randle account. The deposit slip reflects one check, not a Terry Theis Company check, was accepted for deposit. The other check, she identified as State's Exhibit No. 2, which was a Terry Theis Company check no. 644, in the amount of $765.-00, payable to and endorsed C. M. Randle. In reliance on the validity of the check presented to her by the appellant, she gave him $765.00 in money, which she had in her custody and control. The money was paid by Charlotte O'Rear in exchange for the forged instrument presented to her by the appellant.

■ This evidence, together with other evidence to be stated, is sufficient to show theft by false pretext. See Burleson v. State, 449 S.W.2d 252 (Tex.Cr.App.1969). The trial court did not err in overruling the appellant's motion for an instructed verdict. The first three grounds of error are overruled.

The appellant next complains that the trial court erred in admitting evidence of an extraneous offense because it was not shown that the appellant committed that offense.

After the State had rested, the appellant, through several witnesses, raised the defensive issue of alibi. In rebuttal, the State offered proof of three extraneous offenses.

A teller for the First National Bank in Port Arthur identified the appellant and testified that on March 2, 1969, she cashed a Terry Theis Company check, serially numbered 649 (State's Exhibit 5). Appellant received part of the proceeds of this check in cash and deposited the balance.

A teller for the Beaumont State Bank identified the appellant and testified that on March 5, 1969, she cashed a Terry Theis Company check, serially numbered 651 (State's Exhibit 6) and appellant received $450.00 in cash and deposited the balance.

A teller for the City National Bank of Plainview testified that on April 8, 1969, she cashed a Terry Theis Company check, serially numbered 654 (State's Exhibit No. 4), giving cash in exchange for the check; however, she could not positively identify appellant as the person presenting the check to her. The trial court refused to exclude the evidence concerning the transaction at the City National Bank of Plainview from the jury's consideration.

■ A grapho-analyst examined the signature appearing on State's Exhibits No. 2, 4, 5 and 6, and after comparing them with the known handwriting exemplar of the appellant, testified that in her opinion the signatures were made by the same person. In view of the testimony by the grapho-analyst and all the facts presented, the trial court did not err in refusing to exclude the evidence of the transaction at the City National Bank of Plainview. Compare, Vandall v. State, 438 S.W.2d 578 (Tex.Cr. App.1969).

■ All three of the extraneous offense transactions were admissible to rebut the appellant's defense of alibi and to show intent, scheme and design. Mendoza v. State, 459 S.W.2d 439 (Tex.Cr.App.1970); Beard v. State, 456 S.W.2d 82 (Tex.Cr. App.1970); Owens v. State, 450 S.W.2d 324 (Tex.Cr.App.1969); Blankenship v. State, 448 S.W.2d 476 (Tex.Cr.App.1969); Ferrell v. State, 429 S.W.2d 901 (Tex.Cr. App.1968); Hampton v. State, 402 S.W.2d 748 (Tex.Cr.App.1966); Smith v. State, 409 S.W.2d 409 (Tex.Cr.App.1966).

Grounds of error 5, 6, 7, 8, 9 and 10 all relate to complaints arising from a search of appellant's home, including the objection that the affidavit supporting the search warrant did not state probable cause.

Further discussion of the facts will be necessary.

Jerry Ingram, an investigator with the Potter County Sheriff's Office, made an affidavit for a search warrant in Tom Green County. The search warrant was issued by the magistrate, authorizing the search of the appellant's home in San Angelo. Officers for Tom Green County and Ingram entered appellant's home in his absence. They did not seize anything, but while in the home they observed a number of different checks. They found a typewriter there with which they made a typewritten exemplar. The officers were looking for some of the serially numbered checks of the Terry Theis Company; finding none, they stated on the return "nothing found."

On trial of the case the exemplar made by use of the typewriter found in appellant's home was introduced and Ingram testified to seeing approximately twenty different type checks from different cities.

The appellant testified he had possessed a number of different kinds of checks and the typewriter in his home. He explained that his wife, who worked in the office of the telephone company, brought them home for scratch paper and for the children to play with. The appellant's testimony concerning the checks and typewriter was essentially the same as that of Officer Ingram.

■ We find it unnecessary to determine the lawfulness of the search. This court has held many times that the legality of the search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts, or if such facts are in the record without objection.

In McLaughlin v. State, 109 Tex.Cr.R. 307, 4 S.W.2d 54 (1928), where many of the earlier decisions cited by the defendant were discussed, it was said: "None of those cases, and in fact no others known to us, hold that the accused can admit the truth of the very testimony to which he is objecting and thereafter claim injury or hurt of a reversible character arising by virtue of the admission of the testimony originally objected to."

For the more recent application of the rule see: Batiste v. State, 464 S.W.2d 149 (Tex.Cr.App.1971); Brown v. State, 457 S.W.2d 917 (Tex.Cr.App.1970); Young v. State, 422 S.W.2d 444 (Tex.Cr.App.1968); Baity v. State, 455 S.W.2d 305 (Tex.Cr. App.1970); Castaneda v. State, 402 S.W. 2d 766 (Tex.Cr.App.1966); Perez v. State, 396 S.W.2d 870 (Tex.Cr.App.1965); Gonzales v. State, 389 S.W.2d 306 (Tex.Cr. App.1965); McCain v. State, 363 S.W.2d 257 (Tex.Cr.App.1963); Benavidez v. State, 164 Tex.Cr.R. 82, 296 S.W.2d 774 (1956).

For the application of the rule in other jurisdictions see: Young v. Maryland, 455 F.2d 679 (4th Cir. 1972); State v. Shaw, S.C., 188 S.E.2d 186 (1972); People v. Stanley, 27 Mich.App. 90, 183 N.W.2d 460 (1970); Commonwealth v. Ventola, 351 Mass. 703, 221 N.E.2d 395 (1966) and see West's Gen.Digest, Criminal Law,

Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) does not require a contrary result. There, Garrett, one of the defendants, testified at a pretrial suppression hearing to the owner-

ship of a suitcase to establish standing for his claim of a deprivation of rights under the Fourth Amendment. This testimony was introduced by the Government in the trial on the merits, even though Garrett did not testify, for the purpose of showing the ownership of the suitcase in which the fruits of the robbery were found. Here, the appellant, in the trial on the merits, not being compelled to do so to assert a Fourth Amendment privilege, voluntarily testified concerning the checks and the typewriter.

■ Appellant's eleventh ground of error is that he was forced and required, after he was charged with this offense, to give an exemplar of his handwriting ". . . in violation of the 5th Amendment to the United States Constitution and in violation of Art. I, Section 10 of the Constitution of the State of Texas." The exemplar was introduced into evidence and was used by the expert witness as a basis for her opinion that appellant signed the checks introduced into evidence. At a pretrial hearing the appellant was required by the court to make the handwriting exemplar under the threat of being held in contempt if he did not do so. A handwriting exemplar in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside the protection of the Fifth Amendment to the Constitution of the United States, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and is outside the protection of Article I, Section 10 of the Constitution of this state, Vernon's Ann.St., Olson v. State, 484 S.W. 2d 756 (Tex.Cr.App. 1972).

■ Appellant's last ground of error urges that the cumulative effect of the errors which were alleged in the prior grounds rendered it impossible for the appellant to receive a fair and impartial trial. This ground of error is not properly raised in compliance with the requirements of Ar-

ticle 40.09, Section 9, Vernon's Ann.C.C.P. See Garza v. State, 469 S.W.2d 169 (Tex. Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.