riddle v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-157-CR

GARY EDWARD RIDDLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After a jury trial, Appellant was convicted of delivery of 4-200 grams of methamphetamine, a first-degree felony.
(footnote: 2)  The jury assessed his punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced Appellant accordingly.
(footnote: 3)  Appellant brings five issues on appeal, complaining that the trial court erred by denying his motion to suppress, heard after the conviction but before the punishment phase, and admitting illegally seized evidence during the punishment phase, by denying a jury instruction under article 38.23 of the Texas Code of Criminal Procedure, by denying two of Appellant’s challenges for cause, and by not allowing Appellant to re-question voir dire members.  Because we hold that the trial court did not err, we affirm its judgment.

Background Facts

On July 11, 2001, with confidential informant Frances Hawthorne acting as intermediary, Appellant sold 14.04 grams of methamphetamine to Kirk Beauchamp, the commander of the North Central Texas Narcotics Task Force.

Appellant was immediately arrested.  He was charged and convicted of this offense in the case before us.

At the punishment hearing, however, extraneous acts of misconduct were admitted into evidence.  At the time of arrest, a perfunctory search of Appellant’s pickup revealed a small baggie of what also appeared to be methamphetamine.  Three days later, during an inventory search, the police located a white crystal substance in another area of his truck.  About eleven weeks later, using another confidential informant as an intermediary, the task force sold 30.3 grams of methamphetamine to Appellant at his house.  When the informant gave the signal, the task force entered Appellant’s house; they arrested Appellant outside the house.  The task force did not yet have a search warrant.  Members of the task force testified that they seized the drugs, a gun, and other paraphernalia from the house only after a warrant was obtained.  These extraneous offenses were introduced at the punishment phase of Appellant’s trial. 

Voir Dire

In his fourth issue, Appellant complains that the trial court denied two of his challenges for cause.  

To preserve error on denied challenges for cause, an appellant must demonstrate on the record that:  1) he asserted a clear and specific challenge for cause; 2) he used a peremptory challenge on the complained-of venireperson; 3) all his peremptory challenges were exhausted; 4) his request for additional strikes was denied;  and 5) an objectionable juror sat on the jury.
(footnote: 4) 

Appellant has not shown that his request for additional peremptory strikes was denied.  He has therefore failed to preserve this complaint.  We overrule Appellant’s fourth issue.

In his fifth issue, Appellant contends that the trial court abused its discretion by denying him the opportunity to re-question individual veniremembers.  We review claims of restricted voir dire under an abuse of discretion standard.
(footnote: 5)  Generally, a trial judge has broad discretion to conduct  and control voir dire.
(footnote: 6)  A party has no absolute right to individual voir dire in a noncapital case.
(footnote: 7)  

After the voir dire of the panel was finished, the trial judge granted the State’s request to bring one venireperson who had said she knew the defendant back into the courtroom for individual questioning.  The State claimed that she said she could not give a life sentence and could not be fair because of her relationship with Appellant; the trial court did not remember those additional remarks. Appellant agreed that she could be brought in.

The record reflects that the trial judge wanted “to get everybody [else’s] name that we’re going to call and let the others take a break.”  Appellant asked to have two venirepersons brought in after the trial court had already denied his challenges for cause as to them.  The trial judge refused.  The lone venireperson  was then questioned while the remaining veniremembers took a short break.

After this venireperson was excused for cause, Appellant asked that he be allowed to individually voir dire the same two persons he had mentioned before plus two more members.  The trial court denied the requests.  We cannot say that the trial judge abused his discretion in refusing to allow individual voir dire of members about whom he had no uncertainty, nor did he abuse his discretion in denying the late requests.  We overrule Appellant’s fifth issue.

Evidence

In issue one, Appellant contends that the trial court erred when it denied his motion to suppress evidence taken from his house and admitted the evidence.  In issue two, Appellant contends that the trial court erred when it admitted evidence illegally seized from his car.  As the State points out, when the evidence complained of was offered during the punishment phase, Appellant’s counsel stated, “No objection.”

When a motion to suppress evidence is overruled, the accused is not required to later object to the admission of the evidence to preserve error.
(footnote: 8)  But when he affirmatively asserts during trial that he has "no objection" to the admission of the evidence complained of, he waives any error in the admission of the evidence despite the earlier adverse ruling.
(footnote: 9)  We therefore overrule Appellant’s first two issues.

Jury Charge

In his third issue, Appellant complains that the trial court erred by refusing to give the jury an instruction under article 38.23 of the Texas Code of Criminal Procedure regarding an extraneous offense admitted during the punishment phase.  Specifically, he complains that Steven Robertson’s testimony raised the issue of whether the police searched Appellant’s home illegally after he allegedly bought drugs from them.
(footnote: 10)  Again, Appellant’s argument focuses on the evidence that was admitted with his affirmative consent.  The Texas Court of Criminal Appeals “has held many times that the legality of the search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts, or if such facts are in the record without objection."
(footnote: 11) 
 
Appellant’s affirmative consent to the admission of the evidence waived not only any challenge to the admissibility of the evidence, but any issues concerning the legality of the search.
(footnote: 12)  At the time Appellant requested the jury instruction, then, the legality of the search was no longer at issue.  The trial court therefore did not err in denying the request for the instruction.  We overrule Appellant’s third issue. 

Conclusion

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.

   PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 3, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Health & Safety Code Ann. 
§ 481.112(d) (Vernon Supp. 2003); 
see id.
 § 481.102.

3:
See
 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003).

4:
Feldman v. State
, 
71 S.W.3d 738, 744 (Tex. Crim. App. 2002) (citing 
Green v. State
, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997)).

5:
Martinez v. State
, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993),
 cert. denied
, 512 U.S. 1246 (1994); 
Smith v. State
, 703 S.W.2d 641, 643 (Tex. Crim. App. 1985).

6:
Garza v. State
, 18 S.W.3d 813, 819 (Tex. App.—Fort Worth 2000, pet. ref’d).

7:
See
 Tex. Code Crim. Proc. Ann.
 art. 35.17(2) (Vernon Supp. 2003). 

8:
Dean v. State
, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); 
Traylor v. State
, 855 S.W.2d 25, 26 (Tex. App.—El Paso 1993, no pet.).

9:
Gearing v. State
, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (op. on reh’g), 
overruled on other grounds by Woods v. State
, 956 S.W.2d 33 (Tex. Crim. App. 1997); 
Traylor
, 855 S.W.2d at 26.

10:
See
 Tex. Code Crim. Proc. Ann.
 art. 38.23(a) (Vernon Supp. 2003). 

11:
Moulton v. State
, 486 S.W.2d 334, 337 (Tex. Crim. App. 1971).

12:
See id.