COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-157-CR
 
GARY EDWARD RIDDLE                                                      
   APPELLANT
V.
THE STATE OF TEXAS                                                      
       STATE
------------
FROM THE 158
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
After a jury trial, Appellant was
convicted of delivery of 4-200 grams of methamphetamine, a first-degree felony.(2)
The jury assessed his punishment at life imprisonment in the Institutional
Division of the Texas Department of Criminal Justice, and the trial court
sentenced Appellant accordingly.(3) Appellant
brings five issues on appeal, complaining that the trial court erred by denying
his motion to suppress, heard after the conviction but before the punishment
phase, and admitting illegally seized evidence during the punishment phase, by
denying a jury instruction under article 38.23 of the Texas Code of Criminal
Procedure, by denying two of Appellant's challenges for cause, and by not
allowing Appellant to re-question voir dire members. Because we hold that the
trial court did not err, we affirm its judgment.
Background Facts
On July 11, 2001, with confidential
informant Frances Hawthorne acting as intermediary, Appellant sold 14.04 grams
of methamphetamine to Kirk Beauchamp, the commander of the North Central Texas
Narcotics Task Force. Appellant was immediately arrested. He was charged and
convicted of this offense in the case before us.
At the punishment hearing, however,
extraneous acts of misconduct were admitted into evidence. At the time of
arrest, a perfunctory search of Appellant's pickup revealed a small baggie of
what also appeared to be methamphetamine. Three days later, during an inventory
search, the police located a white crystal substance in another area of his
truck. About eleven weeks later, using another confidential informant as an
intermediary, the task force sold 30.3 grams of methamphetamine to Appellant at
his house. When the informant gave the signal, the task force entered
Appellant's house; they arrested Appellant outside the house. The task force did
not yet have a search warrant. Members of the task force testified that they
seized the drugs, a gun, and other paraphernalia from the house only after a
warrant was obtained. These extraneous offenses were introduced at the
punishment phase of Appellant's trial.
Voir Dire
In his fourth issue, Appellant complains
that the trial court denied two of his challenges for cause.
To preserve error on denied challenges for
cause, an appellant must demonstrate on the record that: 1) he asserted a clear
and specific challenge for cause; 2) he used a peremptory challenge on the
complained-of venireperson; 3) all his peremptory challenges were exhausted; 4)
his request for additional strikes was denied; and 5) an objectionable juror sat
on the jury.(4)
Appellant has not shown that his request
for additional peremptory strikes was denied. He has therefore failed to
preserve this complaint. We overrule Appellant's fourth issue.
In his fifth issue, Appellant contends
that the trial court abused its discretion by denying him the opportunity to
re-question individual veniremembers. We review claims of restricted voir dire
under an abuse of discretion standard.(5)
Generally, a trial judge has broad discretion to conduct and control voir dire.(6)
A party has no absolute right to individual voir dire in a noncapital case.(7)
After the voir dire of the panel was
finished, the trial judge granted the State's request to bring one venireperson
who had said she knew the defendant back into the courtroom for individual
questioning. The State claimed that she said she could not give a life sentence
and could not be fair because of her relationship with Appellant; the trial
court did not remember those additional remarks. Appellant agreed that she could
be brought in.
The record reflects that the trial judge
wanted "to get everybody [else's] name that we're going to call and let the
others take a break." Appellant asked to have two venirepersons brought in
after the trial court had already denied his challenges for cause as to them.
The trial judge refused. The lone venireperson was then questioned while the
remaining veniremembers took a short break.
After this venireperson was excused for
cause, Appellant asked that he be allowed to individually voir dire the same two
persons he had mentioned before plus two more members. The trial court denied
the requests. We cannot say that the trial judge abused his discretion in
refusing to allow individual voir dire of members about whom he had no
uncertainty, nor did he abuse his discretion in denying the late requests. We
overrule Appellant's fifth issue.
Evidence
In issue one, Appellant contends that the
trial court erred when it denied his motion to suppress evidence taken from his
house and admitted the evidence. In issue two, Appellant contends that the trial
court erred when it admitted evidence illegally seized from his car. As the
State points out, when the evidence complained of was offered during the
punishment phase, Appellant's counsel stated, "No objection."
When a motion to suppress evidence is
overruled, the accused is not required to later object to the admission of the
evidence to preserve error.(8) But when he
affirmatively asserts during trial that he has "no objection" to the
admission of the evidence complained of, he waives any error in the admission of
the evidence despite the earlier adverse ruling.(9)
We therefore overrule Appellant's first two issues.
Jury Charge
In his third issue, Appellant complains
that the trial court erred by refusing to give the jury an instruction under
article 38.23 of the Texas Code of Criminal Procedure regarding an extraneous
offense admitted during the punishment phase. Specifically, he complains that
Steven Robertson's testimony raised the issue of whether the police searched
Appellant's home illegally after he allegedly bought drugs from them.(10)
Again, Appellant's argument focuses on the evidence that was admitted with his
affirmative consent. The Texas Court of Criminal Appeals "has held many
times that the legality of the search need not be considered when the defendant
testifies to or otherwise produces evidence of the same facts, or if such facts
are in the record without objection."(11)
Appellant's affirmative consent to the admission of the evidence waived not only
any challenge to the admissibility of the evidence, but any issues concerning
the legality of the search.(12) At the time
Appellant requested the jury instruction, then, the legality of the search was
no longer at issue. The trial court therefore did not err in denying the request
for the instruction. We overrule Appellant's third issue.
Conclusion
Having overruled all of Appellant's
issues, we affirm the trial court's judgment.
 
                                                     
   PER CURIAM
PANEL F: DAUPHINOT, LIVINGSTON, and
HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 3, 2003

1. See Tex. R. App. P. 47.4.
2. Tex. Health & Safety Code Ann. § 481.112(d)
(Vernon Supp. 2003); see id. § 481.102.
3. See Tex. Penal Code Ann. § 12.32 (Vernon
2003).
4. Feldman v. State, 71 S.W.3d 738, 744 (Tex.
Crim. App. 2002) (citing Green v. State, 934 S.W.2d 92, 105 (Tex. Crim.
App. 1996), cert. denied, 520 U.S. 1200 (1997)).
5. Martinez v. State, 867 S.W.2d 30, 35 (Tex.
Crim. App. 1993), cert. denied, 512 U.S. 1246 (1994); Smith v.
State, 703 S.W.2d 641, 643 (Tex. Crim. App. 1985).
6. Garza v. State, 18 S.W.3d 813, 819 (Tex.
App.--Fort Worth 2000, pet. ref'd).
7. See Tex. Code Crim. Proc. Ann. art. 35.17(2)
(Vernon Supp. 2003).
8. Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim.
App. 1988); Traylor v. State, 855 S.W.2d 25, 26 (Tex. App.--El Paso
1993, no pet.).
9. Gearing v. State, 685 S.W.2d 326, 329 (Tex.
Crim. App. 1985) (op. on reh'g), overruled on other grounds by Woods v.
State, 956 S.W.2d 33 (Tex. Crim. App. 1997); Traylor, 855 S.W.2d
at 26.
10. See Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon Supp. 2003).
11. Moulton v. State, 486 S.W.2d 334, 337 (Tex.
Crim. App. 1971).
12. See id.