Janis Brauer **BEASLEY**, Appellant,

v.

**The STATE of Texas, State.**

**No. 2-90-140-CR.**

Court of Appeals of Texas,
Fort Worth.

June 4, 1991.

Rehearing Overruled July 10, 1991.

Paul W. Leech, Grand Prairie, for appellant.

Tim Curry, Dist. Atty., Chris Marshall, and Betty Marshall, Assts., Fort Worth, for the state.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellant, Janis Brauer Beasley, was convicted by a jury of the offense of driving while intoxicated. *See* TEX.REV.CIV. STAT.ANN. art. 6701*l*–1 (Vernon Supp.1991). The court assessed punishment at ninety days confinement in the Tarrant County Jail, probated for twenty-four months, a $350.00 fine, and alcohol evaluation.

We affirm.

Appellant brings three points of error on appeal of her conviction alleging that the trial court erred: (1) in failing to submit an instruction to the jury on the insanity of the appellant at the time of the alleged offense; (2) in failing, over appellant's objections, to instruct the jury not to consider evidence if they believed it was obtained in violation of TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1991), that is to instruct the jury regarding the circumstances under which this warrantless arrest would

be valid; and (3) in abusing its discretion in failing to exclude the testimony of Officers George Faris and Russell Trask after the rule was invoked and violated by both witnesses.

Appellant was arrested on the evening of November 19, 1988. Mansfield Police Officers Gina M. Bates and George Faris stopped appellant's car as a result of a conversation the officers had with two men in a pickup truck. The officers were looking for a small brown Hyundai, when they spotted appellant's car. Appellant's vehicle matched the description of the automobile the officers were searching for. The officers observed appellant's vehicle southbound on Highway 157, swerving across the center line of the highway several times in a distance of approximately two blocks.

The officers pulled appellant's car over and noticed the scent of alcohol as they approached the vehicle. Appellant was asked to perform sobriety tests. Appellant had difficulty walking to the rear of her vehicle. Appellant could not take eight steps heel-to-toe, stand on one leg for thirty seconds, or count backwards from eighty-nine. After concluding that appellant was intoxicated, the officers read appellant her Miranda warnings and arrested her for driving while intoxicated.

Appellant was taken to the Arlington Police Department for a videotape and intoxilyzer test. Prior to videotaping, appellant was granted her request to go to the bathroom. Officer Bates, who accompanied appellant to the bathroom, testified that appellant repeatedly apologized for having difficulty removing her pants and staying on the toilet seat. Appellant took more sobriety tests, was videotaped, and agreed to a breath test. The jury viewed a videotape of appellant, but the results of appellant's breath test were not introduced at trial.

Appellant testified that on the night of her arrest she drank two beers but was not intoxicated. Appellant attributed the swerving of her vehicle to her efforts to stop her children from fighting in the car. Appellant testified that she was unable to walk straight during her field sobriety test because the test was conducted on a hill and she had balance problems stemming from an accident she had in high school.

Appellant's son, who was fourteen years old at the time of the offense, testified that his mother did not go onto the wrong side of the road and was not intoxicated.

Appellant testified about her history of mental problems. Appellant was diagnosed as manic-depressive and given Lithium for treatment of her condition. Appellant stated that she was out of her medicine on the evening of her offense. Appellant testified that without her medication, she experiences a trance-like manic high, followed by depression and is unaware or unable to remember her actions when she is in such a state. Appellant admitted to a prior addiction to the drug Xanex and to being given Doxipin, a drug used to treat depression associated with alcoholism.

Appellant's first point of error states that the trial court erred in failing to submit an instruction on the insanity of the appellant at the time of appellant's offense.

Prior to trial, appellant filed a motion alleging her incompetency and insanity. The day before trial, appellant's incompetency plea was withdrawn but her plea of insanity was maintained.

The issue of whether insanity is a defense to a charge of driving while intoxicated does not appear to have been previously addressed by Texas courts. Thus, we shall consider the availability of an insanity defense in relation to such a charge.

▮ The offense of driving while intoxicated is described as follows:

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b). Prosecutions under TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) do not require proof of a culpable mental state. *Ex parte Ross,* 522

S.W.2d 214, 219 (Tex.Crim.App.), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975).

■■■ The affirmative defense of insanity is defined in the manner below:

(a) It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong.

(b) The term "mental disease or defect" does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

TEX.PENAL CODE ANN. § 8.01 (Vernon 1974 and Supp.1991). The focus of the insanity defense is clearly upon the mental state of the accused at the time of the alleged offense. *See Pacheco v. State,* 757 S.W.2d 729, 735 (Tex.Crim.App.1988). Because proof of a culpable mental state is not required to convict a defendant of driving while intoxicated, insanity cannot be a defense to such a charge. *See Ex parte Ross,* 522 S.W.2d at 219; TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(b). Appellant's first point of error ·is overruled.

Appellant argues as a second point of error that the trial court erred in failing over appellant's objections to instruct the jury not to consider evidence if they believed it was obtained in violation of TEX. CODE CRIM.PROC.ANN. art. 38.23, that is to instruct the jury under which circumstances a warrantless arrest is valid.

At trial, Officers Bates and Faris testified that as a result of a conversation with two men in a pickup truck, they began searching for a small brown Hyundai, southbound on Highway 157 and being driven in an erratic manner by a female. The officers found a small, brown four door Hyundai swerving over the center line as it was being driven south on Highway 157 by a white female later identified as appellant.

Appellant did not deny that she was stopped by Officers Faris and Bates while she was driving south on Highway 157 in a small, four door 1987 Hyundai nor did she deny that her car was swerving. However, appellant and her husband described the

car as gray rather than brown. A photograph taken during daytime hours was admitted into evidence.

Appellant requested that the trial court instruct the jury not to consider evidence it found illegally obtained, arguing that the validity of the stop rested "solely on the fact that the witnesses said they saw the Defendant—and I don't care how you put it—failed to drive in a single marked lane across the center of the roadway." The trial court overruled the request.

On appeal, appellant contends that since the officers' testimony as to the color of the car and its swerving was contradicted, the jury could have found the stop illegal and should have been instructed not to consider evidence it found illegally obtained.

However, appellant has failed to preserve error as to the color of the car.

■■ In order to preserve a complaint for appellate review, a defendant must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX.R. APP.P. 52(a). If the basis for the complaint at trial does not comport with the basis for the complaint on appeal, error is not preserved. *Harris v. State,* 784 S.W.2d 5, 27 (Tex.Crim.App.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990).

■■ In the instant case, appellant at trial requested an instruction on illegal evidence "solely" on the basis that there was a factual dispute as to whether appellant was swerving. On appeal, appellant complains that she was entitled to an instruction because there was a factual dispute as to the color of the car as well as to whether she was swerving. Since appellant's complaint at trial does not comport with her complaint on appeal, she has failed to preserve error as to the color of the car. *See id.*

Appellant further argues that the jury could have found her stop illegal because the officers were incorrect about her swerving. However, appellant did not deny that she was swerving; instead, she

said that she might have been weaving "[m]aybe a little bit when I was trying to stop them [her children] from fighting." Since she did not deny swerving but merely offered an explanation for her swerving, there was no issue of fact raised from which the jury could have found her stop illegal. *See Hewitt v. State,* 734 S.W.2d 745, 750 (Tex.App.—Fort Worth 1987, pet. ref'd) (no issue of fact raised where officer testified as to weaving and defendant said he weaved because he was adjusting his stereo).

■ When an issue of fact concerning the validity of a vehicle stop is raised by the evidence, the defendant has a statutory right to have the jury charged concerning the issue. TEX.CODE CRIM.PROC.ANN. art. 38.23(a); *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App.1986). However, if there is no factual controversy concerning the stop or if the defendant testifies to the same facts, the defendant has no right to such a charge. *Murphy v. State,* 640 S.W.2d 297, 300 (Tex.Crim.App.1982); *Moulton v. State,* 486 S.W.2d 334, 337 (Tex.Crim.App.1971).

■ In the instant case, the appellant testified that she was swerving and offered an explanation for her swerving, thus there was no factual controversy as to whether or not appellant was swerving and appellant was not entitled to the instruction she requested. Appellant's second point of error is overruled.

Finally, appellant's third point of error states that the trial court erred and abused its discretion in failing to exclude the testimony of Officers Faris and Trask after both witnesses violated the Rule.

At the beginning of trial on January 23, 1990, appellant invoked TEX.R.CRIM.EVID. 613, known as "the Rule," which reads:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a defendant which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause, or (4) the victim, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at the trial.

*Id.*

■ The purpose of the Rule is to prevent corroboration, contradiction, and the influencing of witnesses. *Webb v. State,* 766 S.W.2d 236, 239 (Tex.Crim.App. 1989); *Hendley v. State,* 783 S.W.2d 750, 752 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Once it is invoked, witnesses should not be allowed to hear any testimony in the case or talk to any other person about the case without the court's permission. TEX.CODE CRIM.PROC.ANN. arts. 36.05 & 36.06 (Vernon 1981). If the Rule is violated by a witness who has personal knowledge of the case and who the party clearly anticipated calling to the stand, the decision of the trial court to allow the witness to testify is an abuse of discretion if the complaining party is harmed. *Guerra v. State,* 771 S.W.2d 453, 474–75 (Tex.Crim. App.1988), *cert. denied,* 492 U.S. 925, 109 S.Ct. 3260, 106 L.Ed.2d 606 (1989); *Webb v. State,* 766 S.W.2d at 240. Injury or prejudice is dependent upon a showing of two criteria: (1) did the witness actually hear the testimony or confer with another witness without court permission; and (2) did the witness's testimony contradict the testimony of a witness from the opposing side or corroborate the testimony of another witness he had conferred with or had otherwise actually heard. *Guerra,* 771 S.W.2d at 475; *Webb,* 766 S.W.2d at 240.

■ In the instant case, the Rule was invoked, and the State should have seen to it that Officers Faris and Trask were sequestered. *See Webb,* 766 S.W.2d at 245 (duty of defendant, defense counsel, and prosecution to see to it that prospective witnesses remain sequestered). Instead, Officers Faris and Trask did talk about appellant, however briefly, without the trial court's permission, thereby violating the

Rule. As witnesses with personal knowledge of the case who the State clearly anticipated calling, the trial court's decision to allow them to testify was an abuse of discretion if appellant was harmed. *See Guerra,* 771 S.W.2d at 474–75; *Webb,* 766 S.W.2d at 240. However, appellant admitted that she was not harmed and the record supports that admission.

 While the officers did confer without the trial court's permission when they briefly watched appellant's videotape and discussed her appearance, neither officer testified regarding appellant's appearance or actions on the videotape. Further, Officer Trask was not present at the time of appellant's arrest and did not corroborate Officer Faris's testimony regarding appellant's actions or appearance during sobriety tests. Because neither of the officers corroborated the other's testimony, appellant was not harmed and the trial court did not abuse its discretion in failing to exclude the officers' testimony. *See Rodriguez v. State,* 772 S.W.2d 167, 169 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Appellant's third point of error is overruled.

We affirm the verdict of the jury.