Opinion issued March 6, 2008










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01103-CR






KEVIN PATRICK DOYLE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1382087






O P I N I O N

 A jury found appellant, Kevin Patrick Doyle, guilty of the offense of driving
while intoxicated ("DWI"). See Tex. Penal Code Ann. §§ 49.01, 49.04 (Vernon
2003). The trial court assessed punishment at 120 days in jail, suspended the
sentence and placed appellant on community supervision for 18 months, and assessed
an $800 fine. On appeal, appellant challenges the trial court's denial of his motion
to suppress and denial of his request for a jury instruction in accordance with Code
of Criminal Procedure article 38.23(a). 

 We affirm.

 Background


 Just after midnight on June 8, 2006, Officer Margarito Perales watched
appellant weave from his lane to the opposing lane and back while driving on Taft
Street in the Montrose area of Houston. Perales testified that traffic was heavy and
that he had to stop his patrol car to avoid a head-on collision with appellant. 

 Perales testified that when he stopped appellant, he noticed that appellant had
glassy, red, bloodshot eyes, had slurred speech, and smelled like alcohol. Appellant,
who was a wine distributor, told Perales that he had two glasses of wine that night at
a friend's house. Perales asked appellant to step out of his vehicle and to perform
field sobriety tests, and appellant agreed. Perales administered the one-leg stand, the
horizontal-gaze-nystagmus, the walk-and-turn, and the Rhomberg tests. Perales
observed six of six clues for intoxication in appellant using the horizontal-gaze-nystagmus test, three of four clues for intoxication using the one-leg stand test,
including loss of balance and swaying, and six of eight clues using the walk-and-turn
test, including, again, swaying and loss of balance. In addition, Perales administered
the Rhomberg test, during which appellant was asked to estimate when thirty seconds
had elapsed. Appellant missed the mark by ten seconds, estimating thirty seconds had
elapsed when, in fact, forty seconds had elapsed. Based on these field-sobriety tests,
Perales concluded that appellant was intoxicated.

 Perales arrested appellant and took him to the police station, where appellant
repeated, and failed, several field-sobriety tests and registered 0.19 breath alcohol
content after agreeing to take the Intoxilyzer test.

 Appellant testified at trial, saying that: he was not intoxicated that night, only
nervous and tired; he had drank only two glasses of wine that night and two tasting-samples earlier in the evening; and he did weave, but only to avoid parked cars on the
narrow street. He said he did not come close to hitting Perales's patrol car, and he
noted that there are no lane markings on that part of Taft Street, saying, "It's hard to
say whose lane you're in." On cross-examination, Officer Perales also said that there
was no dividing line in the street. 

 On the day of trial, appellant filed a motion to suppress, alleging that Officer
Perales lacked reasonable suspicion to stop him. After Perales testified, the trial court
denied the motion to suppress. In addition, appellant objected to the charge and
requested an instruction about the alleged factual dispute regarding Perales's stop of
appellant. Finding no factual dispute, because appellant's testimony failed to
controvert Perales's testimony regarding appellant's weaving, the trial court refused
to include the requested instruction.

 Appellant challenges the trial court's denial of his motion to suppress and of
his requested jury instruction.

Motion to Suppress


 A trial court's ruling on a motion to suppress evidence will not be set aside
unless there has been an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996); Magana v. State, 177 S.W.3d 670, 672 (Tex. App.--Houston
[1st Dist.] 1997, no pet.). We review the trial court's ruling under a bifurcated
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost
total deference to the trial court's rulings on (1) questions of historical fact, especially
when the trial court's fact findings are based on an evaluation of credibility and
demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App.
2002). We review de novo those "mixed questions of law and fact" that do not turn
on an evaluation of credibility and demeanor. Id.; see Guzman, 955 S.W.2d at 89. 
We view the record and all reasonable inferences therefrom in the light most
favorable to the ruling on the suppression motion and sustain the ruling if it is
reasonably supported by the record and is correct under any theory of law applicable
to the case. Villarreal, 935 S.W.2d at 138.

 Because it is undisputed that appellant was stopped without a warrant, the State
bears the burden to prove the reasonableness of the warrantless detention. See Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). The State argues that the stop
was justified because Officer Perales testified that he witnessed appellant commit a
traffic violation.

Reasonable Suspicion

 An officer conducts a lawful stop when he has reasonable suspicion to believe
that an individual is violating the law. Id. A temporary detention is justified when
the detaining officer has specific articulable facts which, taken together with rational
inferences from those facts, lead the officer to conclude that the person detained is,
has been, or soon will be engaged in criminal activity. Id.; Brother v. State, 166
S.W.3d 255, 257 (Tex. Crim. App. 2005) (citing Terry v. Ohio, 392 U.S. 1, 30, 88 S.
Ct. 1868, 1884 (1968)). We disregard any subjective intent of the officer making the
stop and look solely to whether an objective basis for the stop exists. Garcia v. State,
43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The determination of the presence of
reasonable suspicion is a factual one and is made and reviewed by considering the
totality of the circumstances at the time of the stop. Icke v. State, 36 S.W.3d 913, 915
(Tex. App.--Houston [1st Dist.] 2001, pet ref'd). 

 An officer may stop a driver if he has reasonable suspicion that a traffic
violation was in progress or had been committed. McQuarters v. State, 58 S.W.3d
250, 255 (Tex. App--Fort Worth 2001, pet. ref'd); Tex. Dep't of Pub. Safety v.
Fisher, 56 S.W.3d 159, 163 (Tex. App.--Dallas 2001, no pet.); Valencia v. State, 820
S.W.2d 397, 400 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd).

 In his first issue, appellant contends that the trial court erred by denying his
motion to suppress. Officer Perales testified that he stopped appellant because he
weaved into the opposing lane of traffic. Specifically, he said, "The vehicle in front
of me was weaving into my lane and then weaved back into his lane. So, at that time
I had to stop from were I was at so we wouldn't run into each other. At that time I
made a U-turn and conducted a traffic stop for that reason."

 The trial court found that "when the weave took place, the officer [was] a few
car lengths away and he [was] compelled to stop his car for . . . his own safety
reason." The trial court concluded that Officer Perales had a reasonable suspicion
that appellant committed a traffic violation, namely a violation of Transportation
Code section 545.060. Tex. Transp. Code Ann. § 545.060 (Vernon 1999). 
Transportation Code section 545.060 provides:

 (a) An operator on a roadway divided into two or more clearly marked lanes
for traffic:


 (1) shall drive as nearly as practical entirely within a single lane; and


 (2) may not move from the lane unless that movement can be made
safely.


Id. 

 Officer Perales testified that Taft Street did not have clearly marked lanes, so
we disagree with the trial court that Perales had witnessed that specific traffic
violation. However, on appeal the State argued that section 545.051 of the
Transportation Code justified the traffic stop. Id. § 545.051(a) (Vernon 1999). 
Section 545.051 provides that a driver on a "roadway of sufficient width shall drive
on the right half of the roadway" unless passing another vehicle or avoiding an
obstruction. Id. Section 545.051 further requires a driver avoiding an obstruction to
yield the right of way to a vehicle that is moving in the proper direction on the
unobstructed portion of the roadway and that is an immediate hazard. Id. 

 As a factual matter, the trial court found that Perales watched appellant weave
into the opposing lane of traffic. Perales testified that he was moving in the opposite
direction of the road from appellant and that he had to stop his patrol car to avoid a
head-on collision. Applying the law to these facts, we conclude that Perales had
reasonable suspicion that appellant had violated section 545.051. We hold that the
trial court did not abuse its discretion in denying appellant's motion to suppress.

 We overrule appellant's first issue.

Jury Charge

 In his second issue, appellant contends that he was entitled to an article 38.23
jury instruction regarding whether or not appellant failed to maintain a single lane
while driving or weaved into the oncoming lane. See Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005). 

 In determining whether there is reversible error due to an erroneous jury
charge, we first decide whether error exists, and if error exists, then we determine
whether appellant was harmed. Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim.
App. 2003). Because appellant timely objected to the charge, charge error is
preserved, and we will reverse only if we find some actual harm. Abdnor v. State,
871 S.W.2d 726, 732 (Tex. Crim. App. 1994) ("Where there has been a timely
objection made at trial, an appellate court will search only for 'some harm.'")

 The exclusionary rule of article 38.23 proscribes admissibility of evidence
against an accused in a criminal trial if the evidence was "obtained by an officer or
other person in violation of the laws or constitutions of Texas or the United States." 
Tex. Code Crim. Proc. Ann. art. 38.23(a). "When an issue of fact concerning the
validity of a vehicle stop is raised by the evidence, the defendant has a statutory right
to have the jury charged concerning the issue." Beasley v. State, 810 S.W.2d 838,
842 (Tex. App.--Fort Worth 1991, pet. ref'd) (citing Stone v. State, 703 S.W.2d 652,
655 (Tex. Crim. App. 1986)); see Tex. Code Crim. Proc. Ann. art 38.23(a). 

 However, the trial court properly refuses such an instruction if the facts
concerning how the evidence was obtained are not in dispute. Poulos v. State, 799
S.W.2d 769, 772 (Tex. App.--Houston [1st Dist.] 1990, no pet.). If the defendant
and the State's witnesses testify to the same facts, the defendant has no right to such
a charge. Beasley, 810 S.W.2d at 842; see Marrs v. State, 647 S.W.2d 286, 289 (Tex.
Crim. App. 1983) (trial court properly denied article 38.23 jury instruction where no
factual issues were in dispute regarding defendant's arrest). 

 In Beasley, for example, the arresting officers and the appellant testified that
she was swerving and weaving between lanes on the highway. Beasley, 810 S.W.2d
at 840. Beasley testified that she was swerving but offered an explanation that she
swerved because she was trying to stop her children, who were in the car, from
fighting. Id. The court of appeals held that "there was no factual controversy as to
whether or not appellant was swerving and appellant was not entitled to the [article
38.23] instruction she requested." Id. at 842.

 In Bell v. State, the defendant was stopped after an officer watched her car
weave in and out of its lane of traffic while following closely behind a U-Haul truck. 
Bell v. State, No. 2-04-287-CR, 2005 WL 503647, at *1,(Tex. App.--Fort Worth
March 3, 2005, pet. ref'd) (mem. op., not designated for publication). The court of
appeals upheld the trial court's denial of her request for an article 38.23 instruction,
noting that she did not contest the existence or nature of the evidence underlying the
officer's decision to stop her, she merely challenged whether the circumstances he
observed authorized the stop. Id. at *2. Because only the effect of the underlying
facts was disputed, the court of appeals held that the defendant was not entitled to an
article 38.23 jury instruction. Id.

 Similarly, in Sledge v. State, a police officer stopped the defendant's car after
watching him change lanes without signaling and then weave from lane to lane. 
Sledge v. State, No. 05-93-00667-CR, 1994 WL 247961, at *1,(Tex. App.--Dallas
June 9, 1994, no pet.) (not designated for publication). The defendant testified that
he did change lanes but only because the lane ended, "played out." Id. at *2. The
court of appeals held that the defendant was not entitled to an article 38.23 instruction
because he did not dispute the officer's testimony about his weaving but, instead,
sought to explain the reason why he drove that way. Id. The court of appeals
concluded that the evidence did not raise a fact issue about whether the officer
stopped the defendant illegally. Id.

 At the charge conference in this case, appellant objected to the lack of an
instruction regarding the stop of appellant's car, specifically whether or not he was
weaving or failed to maintain a single lane. Both Perales and appellant testified that
appellant weaved into the lane of oncoming traffic. While appellant explained that
he did so to avoid a parked car, he did not dispute the reason why Perales stopped
him, i.e., because he was weaving. Because there was no factual issue in dispute
regarding Officer Perales's stop of appellant, we hold that the trial court did not err
in refusing appellant's requested jury instruction.

 We overrule appellant's second issue.

Conclusion

 We affirm the trial court's judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.


Publish. Tex. R. App. P. 47.2(b).