Opinion issued May 1, 2008













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00320-CR




AMANDA LINVILLE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Cause No. 1344631




MEMORANDUM OPINION

          Appellant, Amanda Linville, was charged by information with the offense of
driving while intoxicated (“DWI”).


 Appellant pleaded not guilty to the primary
offense and pleaded “true” to the enhancement, which was a prior conviction for
DWI. A jury found her guilty as charged. The trial court found the enhancement true
and assessed punishment at one year of confinement, suspended for two years of
community supervision, and a $400 fine.
          In two issues, appellant contends that (1) she was denied effective assistance
of counsel based on her trial counsel’s “failure to challenge a member of the venire
who said he could not be fair and impartial” and (2) the trial court erred by
“improperly charging the jury under Article 38.23 of the Texas Code of Criminal
Procedure because the application paragraph is the reverse of what the law requires.” 
          We affirm.
Background
          While on patrol on August 14, 2005, Deputy James Welsh of the Harris County
Sheriff’s Department saw appellant traveling along Highway 6, weaving between
traffic lanes and failing to signal lane changes. Deputy Welsh stopped appellant, and,
when he went to appellant’s car, he could see beer bottles on the front and back seats,
and on the console. Deputy Welsh noticed a strong odor of alcohol and that appellant
had bloodshot eyes and slurred speech. According to Deputy Welsh, appellant
admitted that she had just left a bar. During the stop, appellant’s three male
passengers became belligerent. Deputy Welsh placed appellant in the back seat of his
patrol car and called for assistance. 
          Deputy Collin McHugh arrived and helped to detain the male passengers. 
Deputy McHugh observed that appellant had trouble maintaining her balance, had
slurred speech, and smelled of alcohol. When Deputy McHugh asked appellant for
her driver’s license, appellant handed him a Visa credit card and argued that it was
her driver’s license. Deputy McHugh administered field sobriety testing, which
appellant was unable to complete. Deputy McHugh transported appellant to the
police station, where he performed intoxilyzer testing and further sobriety testing on
videotape. Deputy McHugh testified that he is certified to administer field sobriety
and intoxylizer testing, and that, in his opinion, appellant was intoxicated. 
          Frank Hwa, technical supervisor for the Alcohol Testing Program of Harris
County, testified that appellant’s breath alcohol concentration was 0.17, which is
twice the legal limit of 0.08.
          Appellant disputes that she was intoxicated. At trial, appellant testified that she
failed the field sobriety tests because she had an injured leg and felt scared. Appellant
testified that, although she had had “a couple of beers” while doing yard work earlier
that day, she did not go to the bar or drink that evening. Appellant testified that she
had taken Alavil and Xanax that evening, as part of her regularly prescribed medical
regimen to treat migraines and insomnia. Appellant testified that she was home
asleep when her friend called her from the bar for a ride home. Appellant’s passenger,
Kirk Comeaux, testified that he called appellant for a ride home at about 12:30 a.m.
on the night of the incident. Comeaux testified that appellant was not weaving or
changing lanes without signaling.
          The trial court instructed the jury that it could find appellant guilty of having
operated a motor vehicle in a public place while intoxicated by alcohol, by an
unknown drug, or by a combination of both. The jury found her guilty as charged. 
The State presented evidence at punishment that appellant previously had been
convicted of DWI, and appellant pleaded true to the enhancement. The trial court
found the enhancement true and assessed punishment at one year of confinement,
which was suspended for two years of community supervision, and a $400 fine. 
          Appellant’s trial counsel, Victor R. Blaine, whose representation is the subject
of this appeal, withdrew, and Abraham M. Fisch was substituted. Appellant filed a
motion for new trial, which, after a hearing, the trial court denied. This appeal
followed.
Ineffective Assistance of Counsel
          In her first issue, appellant contends that she was denied effective assistance
of counsel because her trial counsel, Blaine, failed to “challenge a member of the
venire who said he could not be fair and impartial.” Specifically, appellant contends
that veniremember number 13, Michael McCoy, had stated unequivocally during voir
dire “that he could not be fair in the trial of this case, that he did not believe in
drinking and driving period, and would just vote guilty in a drinking and driving
case,” but that McCoy was ultimately impaneled on the jury without any challenge
by Blaine. The State contends that it was actually venireperson number 16, Rafaela
Stahl, who made the complained-of statements and that Stahl was not impaneled on
the jury.
          To prove ineffective assistance of counsel, appellant must show that (1)
counsel’s performance fell below an objective standard of reasonableness, and (2) but
for counsel’s unprofessional error, there is a reasonable probability that the result of
the proceeding would have been different. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim.
App. 2005). “Reasonable probability” means a “probability sufficient to undermine
confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. 
Appellant must prove ineffective assistance by a preponderance of the evidence and
must overcome the strong presumption that counsel’s conduct falls within the wide
range of reasonably professional assistance or might reasonably be considered sound
trial strategy. Robertson v. State, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006);
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
A failure to make a showing under either prong defeats a claim for ineffective
assistance. Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).
 
          The record shows that, during voir dire, the State explained that, as part of its
burden, it was required to prove (1) that the defendant had lost the normal use of her
physical faculties, (2) that defendant had lost the normal use of her mental faculties,
or (3) that her breath alcohol concentration was 0.08 or above. The State asked
whether members of the venire would require the State to prove appellant’s
intoxication in more than one manner. Appellant complains of the emphasized
portion of the following discussion that took place in response to the State’s inquiry:
 
          The Court:        Juror No. 12 is excused. . . . Juror number 13 is now on
the panel.
          [State]:              May I begin?
          The Court:        Go ahead.
          [State]:              Thank you, Judge. Juror No. 13.
          Juror McCoy:   One.
          Venireperson:   One.
          [State]:              Sir?
          Venireperson:   Two.
          [State]:              You would require more than one.
          Venireperson:   Physical or mental and then something supporting that
was some action that she took. [sic]
          [State]:              Right, if I gave you the evidence of one and you
believed that beyond a reasonable doubt.
          Venireperson:   Like lost her physical capabilities, what’s the reason for
it?
          [State]:              If you believe that—if I give you the reasons and you
believe those reasons beyond a reasonable doubt, would
you be willing to convict on that one only or would you
still require more as long as I prove it to you beyond a
reasonable doubt?
          Venireperson:   That part of proof [sic] is probably going to be the
breath test.
          [State]:              The proof is the thing you’re hung up on, right?
          Venireperson:   Yeah.
          [State]:              But you only need one; and if I proved it to you, you’d
be okay with that.
          Venireperson:   I guess.
          [State]:              Yes? You kind of hesitated.
          Venireperson:   For me I just—if she is the way the Judge stated, it is
that she has lost control of her physical capacity it could
be reasons other than alcohol.
          [State]:              Right, and I have to prove to you that it was because of
alcohol or the unknown drug.
          Venireperson:   That’s what I’m saying.
          [State]:              We’ll get there in a second. Thank you very much.
          Venireperson:   I say I wouldn’t be fair. I don’t believe in drinking
and driving period. I’d just vote guilty.
          [State]:              Even though the person has a right—
          Venireperson:   Even though I don’t believe in drinking and driving.
          The Court:        Just make a note on that and come back on that later.
          [State]:              Yes, Judge, and it’s Ms. Stahl.
          Juror Stahl:       Yes.
          [State]:              Thank you, Ms. Stahl, appreciate it. Sir? [moving on]



Appellant contends that this excerpt shows that veniremember 13, McCoy, had
unequivocally stated that he “wouldn’t be fair.” 

 
          A close reading of the complained-of statement in the greater context of the
discussion, however, shows that the State spoke with veniremember 13, McCoy, then
moved on and spoke with two other venirepersons, then spoke with Ms. Stahl, who
stated that she “wouldn’t be fair.” The record reflects that Stahl, who was
veniremember number 16, was not impaneled on the jury. 

          Hence, appellant’s contention that her counsel was ineffective for having failed
to challenge veniremember number 13, McCoy, “who said he could not be fair and
impartial,” is without merit because the record shows that McCoy did not make the
complained-of statements. Moreover, the veniremember who did was not impaneled.

          Accordingly, appellant’s first issue is overruled. 

Charge Error

          In her second issue, appellant contends that the trial court erred by “improperly
charging the jury under Article 38.23 of the Texas Code of Criminal Procedure
because the application paragraph is the reverse of what the law requires.” See Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). In essence, appellant contends
that the application paragraph of the jury instruction pertaining to article 38.23
improperly shifted the burden of proof to her.

          In determining whether there is reversible error due to an erroneous jury
charge, we first decide whether error exists, and if error exists, we then determine
whether appellant was harmed. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon
2006); Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); Holford v. State,
177 S.W.3d 454, 459 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). 

          Code of Criminal Procedure article 38.23, “the exclusionary rule,” provides
that evidence against an accused in a criminal trial may not be used if the evidence
was “obtained by an officer or other person in violation of the laws or constitutions
of Texas or the United States.” Tex. Code Crim. Proc. Ann. art. 38.23(a). Pursuant
to article 38.23, “[i]n any case where the legal evidence raises an issue hereunder, the
jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such event, the
jury shall disregard any such evidence so obtained.” Id. “When an issue of fact
concerning the validity of a vehicle stop is raised by the evidence, the defendant has
a statutory right to have the jury charged concerning the issue.” Beasley v. State, 810
S.W.2d 838, 842 (Tex. App.—Fort Worth 1991, pet. ref’d) (citing Stone v. State, 703
S.W.2d 652, 655 (Tex. Crim. App. 1986)).

          Here, appellant had unsuccessfully sought to suppress the evidence obtained
after she was stopped on the basis that Deputy Welsh lacked reasonable suspicion to
make the traffic stop. At trial, there was testimony by appellant and by Comeaux that
appellant had not been swerving and did not fail to signal a lane change. At the close
of evidence, appellant requested that an instruction based on article 38.23 be included
in the charge. 

          The charge regarding article 38.23 read as follows:

You are instructed that under our law no evidence obtained or derived
by an officer or other person as a result of an unlawful stop or arrest
shall be admissible in evidence against such accused. In this regard, you
are instructed that an officer is permitted to make a temporary
investigative detention of a motorist if the officer has a reasonable
suspicion that some activity out of the ordinary is or has occurred, that
the person detained is connected with such activity and that there is
some indication that the activity is related to crime or a criminal offense.
In this regard, you are instructed that the law states that whenever a
roadway has been divided in two (2) or more clearly marked lanes for
traffic the driver of a vehicle shall drive as nearly as practical entirely
within a single lane and shall not move from such lane until the driver
has first ascertained that such movement can be made with safety. It is
also the law that no motorist should make a lane change without first
signaling the pending change of lanes.
Now, bearing in mind these instructions, if you find from the evidence
that on the occasion in question Deputy Welsh did not have a reasonable
suspicion to believe that the defendant, Amanda Linville, drove her
vehicle, if she did, as nearly as practical entirely within a single lane
and did not move from such lane until she first ascertained that such
movement could not be made with safety or did not signal a lane change,
immediately proceeding his [sic] stop and detention by the deputy
involved herein, or you have a reasonable doubt thereof, you will
disregard the testimony of the deputy subsequent to his stopping the
defendant, all evidence seen or gathered, opinion, and conclusions
drawn as a result thereof and not consider such evidence, if any, for any
purpose whatsoever and thereby find the defendant not guilty.
(Emphasis added.)

 
          When the trial court asked whether the charge was agreeable, appellant
objected as follows:[Defense]:. . . the defendant objects to that portion of the charge that
deals with the exclusionary law in that it doesn’t place the
proper burden of proof on the State. There’s nothing
requiring the jury to find—in essence requires the jury to
find that the officer did not have a reasonable suspicion to
believe that—to believe that the defendant obeyed the law
rather than having reasonable suspicion to believe that she
did not obey the law.

 

The trial court overruled the objection. 

          When the trial court includes an instruction in the jury charge in accordance
with article 38.23, the State must prove the legality of the search beyond a reasonable
doubt. See Tex. Code Crim. Proc. Ann. art. 38.23(a); Pierce v. State, 32 S.W.3d
247, 249–50 (Tex. Crim. App. 2000). Appellant contends that the application
paragraph, as written, incorrectly shifted the burden away from the State because it
instructed the jury to find that the State was justified in stopping appellant while she
was lawfully driving within a single lane. Appellant complains that the emphasized
language erroneously instructed the jury that it should disregard the evidence derived
from the traffic stop if it found that Deputy Welsh lacked reasonable suspicion that
appellant drove lawfully, that is: “drove her vehicle, if she did, as nearly as practical
entirely within a single lane.” Appellant contends that the instruction should have
read that the jury should disregard the evidence derived from the traffic stop if it
found that Deputy Welsh lacked reasonable suspicion that appellant drove unlawfully,
that is: “failed to drive her vehicle as nearly as practical entirely within a single
lane.” We agree that it was error for the application paragraph to require reasonable
suspicion that appellant drove her vehicle within a single lane of traffic.

          The State contends that appellant failed to preserve error with her objection
because it lacked sufficient specificity to make the trial court aware of the complaint,
as is required. See Tex. R. App. P. 33.1. Although appellant’s objection may not have
been the model of clarity, it sufficiently apprised the trial court that the burden had
been improperly shifted in the article 38.23 instruction. 

          Because appellant preserved error, we reverse if the error is “calculated to
injure the rights of the defendant,” that is, if there is any actual harm to the defendant
from the error. Penry v. State, 178 S.W.3d 782, 788 (Tex. Crim. App. 2005)
(applying Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). Properly
preserved jury-charge error requires reversal unless it is harmless. Id. We assess
harm “in light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel, and any
other relevant information revealed by the record of the trial as a whole.” Almanza,
686 S.W.2d at 171; Ramos v. State, 991 S.W.2d 430, 434 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d).

          Here, although the charge was incorrect with regard to the omission of the
word “failed” in paragraph three of the article 38.23 instruction, the first two
paragraphs of the 38.23 instruction in the charge properly instructed the jury that it
must disregard the evidence if it had reasonable doubt about the lawfulness of
obtaining it. Considering the entire jury charge, the jury was clearly instructed that
an officer is permitted to make a temporary investigative detention of a motorist if the
officer has a reasonable suspicion that, inter alia, some activity out of the ordinary is
or has occurred and that the law states that a person is required to travel within a
single lane of a divided roadway and must not move from that lane without first
signaling the pending change of lanes.

          Deputy Welsh testified that he had reasonable suspicion to stop appellant for
failing to maintain a single lane of traffic and for failing to signal. Although appellant
disputed that she had swerved or changed lanes without signaling, and appellant’s
witness, Comeaux, denied that appellant failed to maintain a single lane of traffic, the
jury could have given more credibility to Deputy Welsh’s testimony. The undisputed
evidence was that both appellant and her witnesses had been, at some point on the day
of the incident, drinking and that appellant had, that night, taken medication—which,
according to appellant’s testimony, had the effect of inducing sleep. 

          Further, the record shows that both parties spoke extensively in closing about
reasonable suspicion for the traffic stop. The State’s closing argument to the jury
reflects that it assumed the proper burden, as follows, in pertinent part, 

Whether or not the officer on that night had reasonable suspicion that
she failed to signal a lane change and that she was weaving. Now,
everything else, all these other elements, I have to prove beyond a
reasonable doubt; but I only have to prove that Deputy Welsh had a
reasonable suspicion as to the failure to signal a lane change and
whether or not she was weaving.

 
          We cannot conclude that appellant was harmed. 

          Accordingly, we overrule appellant’s second issue.

Conclusion

          We affirm the judgment of the trial court. 









                                                   Laura Carter Higley

                                                   Justice

 
Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).